

U.S. Department of Justice

United States Attorney
Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/09

86 Chambers Street
New York, New York 10007

RECEIVED
SEP 22 2009
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

September 21, 2009

Defendants' proposals are
accepted. 9.22.09
[signature]

BY FACSIMILE
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re: ACLU, et al., v. Department of Defense, et al., No. 05 Civ. 9620 (AKH)

Dear Judge Hellerstein:

We write to inform the Court of additional documents we believe to be responsive to plaintiffs' FOIA request in the above-captioned case that have been located by the Department of Justice Office of Legal Counsel ("OLC"), and to propose a schedule to process these documents and submit any appropriate Vaughn declarations to justify the withholding of information in the documents.

As the Court is aware, 181 classified documents in the OLC's Sensitive Compartmentalized Facility ("SCIF") were the subject of earlier summary judgment proceedings before this Court. See Court's Order of September 19, 2008. The ACLU appealed the Court's ruling permitting the withholding of information in these 181 documents but, before that appeal was decided, the Government moved to remand the appeal in light of events occurring after the appeal was filed, including the issuance on January 22, 2009 of Executive Order 13491 (entitled "Ensuring Lawful Interrogations"). The Second Circuit subsequently remanded these documents back to this Court, and this Court ordered the government to provide a Vaughn index of these OLC documents on August 31, 2009.[1]

On August 28, 2009, the Government sought an extension of time to create a Vaughn Index of these 181 remanded OLC documents, explaining that OLC had encountered some difficulties matching documents with entries on OLC's original Vaughn index prepared in 2005 and representing that OLC was conducting a search to ensure that all responsive documents

---

[1] These 181 OLC documents were not the only documents remanded back to this Court. On August 31, 2009, the Government provided its Vaughn declaration for the 138 documents from the CIA Office of the Inspector General that had been remanded from the Second Circuit. In addition, the plaintiffs are evaluating whether to continue to litigate the withholding of a small number of documents from the Department of Defense that were part of the remand.

in its SCIF had been located. The Court granted the requested extension of time until September 21, 2009.

OLC has now completed this search of its SCIF for all responsive documents. Through these efforts, OLC located and identified 171 documents that correspond to entries on the original Vaughn index.[2] OLC based these identifications on the totality of circumstances, including the document descriptions on the original Vaughn index, the location in the files in which the documents were found, and the absence of other documents that might meet the particular document descriptions on the Vaughn index, as well as other factors. However, some of the identified documents are not certain matches, either due to the generality of the document descriptions on the original Vaughn index or because the determination of a match assumes that a typographical error was made in the original Vaughn index.[3] The Government is submitting its Vaughn declarations for these documents today, as ordered by the Court.[4]

During OLC's search of its SCIF, OLC also located additional documents that appear to be responsive to plaintiffs' original FOIA request. These documents consist of two categories. The first category consists of 168 documents that contain information of the OLC and/or the CIA and that are believed to be responsive. These have been provided to CIA for processing or a determination that they have already been processed in this case. The second category consists of 56 documents also believed to be responsive that must be provided to government agencies other than OLC and the CIA for processing or for a determination that they have already been processed in this litigation. We apologize for any inconvenience caused by locating these additional documents at this juncture of the litigation. The Government will move expeditiously to process these documents so that all remaining OLC documents in this case can be resolved at the same time by the Court.

Accordingly, as to the 168 documents involving the CIA, the Government proposes that OLC and the CIA will use their best efforts to process these documents by October 30, 2009, including determining whether there are any duplicates of documents addressed elsewhere in this

---

[2] The Vaughn numbers of the 10 remaining entries are: 6, 20, 47, 77, 142, 155, 172, 175, 177, 181.

[3] Discrepancies between the entries on the original Vaughn index and the corresponding document have been noted on the updated Vaughn index.

[4] 43 of these documents were released in whole or part on August 24, 2009, including 42 documents that were identified by number on the OLC Vaughn index, and one document that was erroneously identified as a document not previously identified on OLC's Vaughn index (a June 18, 2004 memorandum from Jack Goldsmith to John Helgerson, which OLC has now confirmed is Vaughn number 37). Seven documents are documents that concern the Department of Defense ("DOD"), rather than CIA, and were inadvertently included on the original OLC Vaughn index. These documents have been referred to DOD for processing.

litigation, and submit any appropriate <u>Vaughn</u> declaration for withheld information by November 13, 2009. The Government's use of best efforts reflects the Government's commitment to expediting the review of these document notwithstanding the volume of the documents and the fact that the Government has not yet reviewed the documents to determine the FOIA exemptions implicated. Plaintiffs have informed Defendants that they consent to the processing of the newly discovered documents by October 30, 2009, but that they do not believe that the CIA's commitment to make "best efforts" is sufficiently concrete. Plaintiffs therefore ask the Court to require the CIA to process the documents by that date.

As for the remaining 56 documents requiring referrals, OLC has already provided these documents to the other government agencies that must be consulted, and these agencies will review these documents on an expedited basis. The Government will provide the Court with a proposal for processing these 56 documents as soon as those other agencies have had an opportunity to review the documents, identify any duplicates, and determine how long it will take to process and <u>Vaughn</u> the information withheld therein. This Office will provide an update to this Court as to the status of these documents by September 28, 2009.

We thank the Court for considering this submission.

Respectfully,

PREET BHARARA
United States Attorney

By: _/s/ Heather KM_
SEAN H. LANE
PETER M. SKINNER
HEATHER K. McSHAIN
Assistant United States Attorneys
Telephone: (212) 637-2696

cc:  Jenny-Brooke Condon, Esq.
     Alexander A. Abdo, Esq.